ORDER OF DISMISSAL

MICHAEL PETOSKEY, Chief Judge.
This matter is dismissed for reasons stated on the record following a Status Conference conducted by the Court on October 6, 2000. The Complaint contains two (2) separate criminal allegations and is filed as a civil matter. It does not allege a private cause of action for individual wrong(s) to the Plaintiff.
Private individuals cannot initiate criminal proceedings before the Court on their own. The essence of the criminal process is the prosecution of a person, who has been charged with violating the standards of the community, i.e. engaged in illegal behavior, by the People. The enforcement of community criminal law standards begins with the filing of a complaint with tribal law enforcement officials. Tribal law enforcement must investigate any complaint so made. The results of their investigation must be forwarded to the Tribal Prosecutor’s office for an evaluation of whether formal criminal charges should be filed in the Tribal Court. Such *49 a system allows for a full investigation by trained investigators and complete evaluation of investigation results by the People’s representative, i.e. Tribal Prosecutor.
Plaintiff also alleged that the Tribal Prosecutor, Gregory Justis, had a conflict of interest because he has a long-standing attorney-client relationship with Ms. Shan-anaquet. As the proponent of the allegation, Plaintiff carries the burden of persuasion that a conflict of interest exists. Plaintiff was unable to persuade the Court of a long-standing relationship and the Court rejected her request to order Mr. Justis removed.
WHEREFORE, THIS HONORABLE COURT HAS REFERRED PLAINTIFF’S COMPLAINT TO TRIBAL LAW ENFORCEMENT AND THE TRIBAL PROSECUTOR AND HEREBY DISMISSES, WITHOUT PREJUDICE, THIS CRIMINAL MATTER FILED AS A CIVIL ACTION.